UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAWN MILLER-KRAUSZ and
KATHRYN HODGES, Individually
and for Others Similarly Situated,

        Plaintiffs,

    v.

ANDERSON HEALTHCARE,

        Defendant.

Case No. 26-cv-00153-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Anderson Healthcare's Motion to Dismiss (Doc. 23). It asks the Court to dismiss the entirety of Plaintiffs Shawn-Miller Krausz and Kathryn Hodges's complaint for failure to state a claim. Plaintiffs filed a response (Doc. 29), and Defendant filed a reply (Doc. 30).

## I.    BACKGROUND

Defendant is a regional health network that employs more than 1,600 employees. To provide patient care services, Defendant hires workers like Plaintiffs to work in its healthcare facilities.

Plaintiff Miller-Krausz worked for Defendant as a PRN from approximately April 2018 until July 2022. She typically worked approximately 8 hours a day and 3 to 5 days a week on the clock, for a total of 24 to 40 hours a workweek. Defendant agreed to pay her approximately $31.50 per hour.

Plaintiff Hodges has worked for Defendant as an RN since approximately June 2024. She typically works 3 to 4 days a week and 12 to 13 hours a day on the clock, for a total of 36 to 56 hours a workweek. Defendant agreed to pay her approximately $38.47 per hour.

During their employment with Defendant, Plaintiffs' job duties included assessing and monitoring patients, checking vital signs, performing and charting treatments, and generally assisting other medical staff in accordance with Defendant's policies and procedures.

Plaintiffs allege that, throughout their employment, Defendant failed to pay them all earned regular and overtime wages because of three policies.

The first is the Auto Deduct Policy. Under this policy, Defendant automatically deducts 30 minutes each day from Plaintiffs' recorded hours for purported meal breaks and does not compensate them for that time. Plaintiffs allege, however, that they do not actually receive bona fide meal breaks. Instead, they are required to remain on duty and perform their regular job duties. As a result, Plaintiffs routinely spend their unpaid meal breaks performing work for Defendant's predominant benefit.

The second is the Rounding Policy. Under this policy, Defendant rounds Plaintiffs' clock-in and clock-out times to the nearest quarter hour. It prohibits Plaintiffs from clocking in more than 7.5 minutes before their scheduled start times and clocking out more than 7.5 minutes after their scheduled end times. Defendant disciplines Plaintiffs, or threatens to do so, if they clock in after their scheduled start times or clock out before their scheduled end times. At the same time, Defendant expects Plaintiffs to begin performing their regular job duties immediately upon clocking in. According to Plaintiffs, the Rounding Policy operates for Defendant's benefit and to Plaintiffs' detriment.

The third is the Bonus Pay Scheme. Under this policy, Defendant pays Hodges nondiscretionary bonuses, including shift bonuses and sign-on bonuses, but excludes those bonuses when calculating her overtime rate. As a result, Plaintiffs allege, Defendant fails to pay

2

Hodges overtime at one and one-half times her regular rate of pay for all hours worked in excess of 40 in a workweek.

Plaintiffs filed this action on February 11, 2026, alleging that these policies violate Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act.

## II.   LEGAL STANDARD

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp.*, 550 U.S. at 555; *EEOC. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 556). Although liberal federal notice pleading standards ensure that even non-detailed complaints can survive a motion to dismiss, they will not prevent dismissal of complaints that plead too much. A case can be dismissed because a complaint pleads facts establishing that the plaintiff is not entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis Sw.*

3

*Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997).

**III.   <u>ANALYSIS</u>**

      A.   <u>Counts 1 and 2 – Failure to Pay Overtime Wages Under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"):</u>

The FLSA and the IMWL both require employers to pay employees one and one-half times their regular hourly wage for hours worked beyond forty hours in one week. 29 U.S.C. § 207(a)(1); 820 ILCS § 105/4a(1). Defendant argues that Plaintiffs fail to state a claim under the FLSA and IMWL for two reasons. First, it contends that Miller-Krausz's claims are barred by the statute of limitations. Second, it argues that Hodges fails to plausibly state a claim because (1) she does not identify a specific workweek in which she worked more than 40 hours and did not receive overtime compensation due to the Auto Deduct Policy and the Rounding Policy; and (2) she has not alleged facts showing that Defendant applied the Rounding Policy in a non-neutral manner. The Court addresses each argument in turn.

          *i.   Statute of Limitations:*

The statute of limitations for a non-willful FLSA violation is two years, and for a willful violation, three years. 29 U.S.C. § 255(a). The claim accrues "when the employee received less than required by [the] FLSA." *McColley v. Casey's Gen. Stores, Inc.*, 627 F. Supp. 3d 972, 981 (N.D. Ind. 2022). Actions brought under the IMWL must be brought within three years of the date of underpayment. 820 ILCS 105/12(a). Miller-Krausz was employed by Defendant from approximately April 2018 to June 2022. Even assuming the three-year statute of limitations applies to both claims, the last alleged violation of the FLSA and IMWL occurred no later than June 2022. Accordingly, Miller-Krausz was required to bring her claims by June 2025. Because she did not file this action until February 11, 2026, her claims under the FLSA and IMWL are

barred by the statute of limitations. The Court will therefore dismiss those claims with prejudice.

### ii. *Failure to State a Claim*:

### 1. Specific Workweek:

This Court has previously held that, to state a claim under the FLSA and the IMWL, a plaintiff need not identify a specific week in which she was denied earned overtime wages. *See Nicholson v. UTi Worldwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2010 WL 551551, at *4 (S.D. Ill. Feb. 12, 2010). Hodges allegation that she regularly works more than 40 hours a week is sufficient to give Defendant fair notice of her unpaid overtime claims and to plausibly suggest she is entitled to relief. The specific dates, hours worked, and amount of allegedly unpaid overtime wages can—and indeed must, if Hodges wants to prevail—be fleshed out later in this case. They need not, however, be pled in the complaint.

### 2. Rounding Policy:

The FLSA regulations provide that rounding an employee's starting time and stopping time to the nearest quarter hour "will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b). Thus, the FLSA and the IMWL permit neutral rounding policies but prohibit policies that, over time, systemically underpay employees.[1]

Hodges has plausibly alleged that Defendant applied the Rounding Policy in a non-neutral manner. She describes the Rounding Policy and contends that it operates primarily for Defendant's benefit and to Hodges's detriment. Viewing these allegations in Hodges's favor, the

---

[1] In interpreting the IMWL, Illinois courts look to the regulations construing analogous provisions of the FLSA. *See* Ill. Admin. Code tit. 56, § 210.120; *Lewis v. Giordano's Enters, Inc.*, 921 N.E.2d 740, 745 (Ill. App. Ct. 2009). As such, the FLSA regulation permitting neutral time-rounding policies applies equally to the IMWL.

Court construes them to mean that the Rounding Policy systematically underpays employees for overtime hours worked. These allegations are sufficient to plausibly allege that Defendant applied the Rounding Policy in a non-neutral manner and, as a result, violated the FLSA and IMWL. *See e.g.*, *Russell v. Illinois Bell Tel. Co.*, 721 F. Supp. 2d 804, 820 (N.D. Ill. 2010) ("If, as plaintiffs allege, Illinois Bell's time rounding and log out policies often caused plaintiffs to work unpaid overtime in increments of under eight minutes, then these company-wide practices may have resulted in unpaid overtime work.").

Because Hodges has plausibly alleged violations of the FLSA and the IMWL, the Court will allow her claims to proceed.

B.   Count 3 – Failure to Pay All Earned Wages Under the Illinois Wage Payment and Collection Act ("IWPCA"):

The IWPCA requires employers to pay non-exempt employees all their wages due at least twice a month. 820 ILCS 115/3, 4. It defines "wages" as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2. Defendant asks the Court to dismiss Plaintiffs' IWPCA claim because (1) it is merely an attempt to repackage their FLSA and IMWL claims to take advantage of the IWPCA's longer statute of limitations; and (2) they have failed to allege an agreement entitling them to compensation for work performed during unpaid meal breaks.

i.   *Attempt to Repackage FLSA and IMWL Claims:*

The Court does not believe that Plaintiffs' IWPCA claim merely repackages their FLSA and IMWL claims. The complaint makes clear that the IWPCA claim is based on Defendant's alleged failure to pay all earned wages, not its alleged failure to pay overtime wages. It also makes clear that the claim is not based on Defendant's alleged failure to pay the minimum wage

required by the FLSA or the IMWL. Rather, Plaintiffs allege that Defendant's agreed to pay them $31.50 per hour and $38.47 per hour, respectively, but failed to pay those agreed-upon rates for all hours worked. Accordingly, Plaintiffs' IWPCA are separate claims and may proceed as such.

### ii.   Failure to Plead Agreement:

To state a claim under the IWPCA, a plaintiff must allege an agreement that entitles them to the wages that they seek. "[A]n 'agreement' is 'broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons.'" *Sanchez v. Haltz Const., Inc.*, No. 09 C 7531, 2012 WL 13514, at *5 (N.D. Ill. Jan. 4, 2012) (quoting *Zabinsky v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004)). "Generally, an employment agreement is formed when one party promises to render services in exchange for the other party's promise to pay wages." 17 Ill. Law & Prac. Employment § 10.

The Court finds that Plaintiffs have sufficiently plead an agreement. They allege that Defendant agreed to pay them $31.50 per hour and $38.47 per hour, respectively, for their first forty hours worked. They also describe their typical schedules and the duties they performed under the agreement. These allegations permit the reasonable inference that Defendant agreed to pay Plaintiffs $31.50 per hour and $38.47 per hour, respectively, to perform those duties. Whether Defendant in fact assented to those terms is a question for a later stage of this litigation, after the parties have completed discovery.

The cases cited by Defendant—*Loonsfoot v. Sake Ctr. Locating, LLC*, No. 3:23-CV-03171-DWD, 2024 WL 3568655 (S.D. Ill. July 29, 2024) and *Brashear v. SSM Health Care Corp.*, No. 4:22-cv-00569-SRC, 2022 WL 17987041 (E.D. Mo. Dec. 29, 2022)—do not persuade the Court otherwise. In *Loonsfoot*, the plaintiff alleged that his employer agreed to pay

him an hourly rate for all hours of work he performed, and that it violated the IWPCA by failing to pay him for the off-the-clock work he performed before and after his shifts and during his mandated lunch breaks. 2024 WL 3568655, at *1. This Court found that the alleged agreement did not establish the employer assented to paying the plaintiff for off-the-clock work. *Id.* at *6. However, the work that the plaintiff performed off-the clock was merely related to, not actually part of, his primary job duties. *Id.* at *2. Here, by contrast, the work that Plaintiffs seek unpaid wages for is the same work they perform while on the clock. In other words, they allege that Defendant failed to pay them for performing their regular job duties. Those duties fall squarely within the alleged employment agreement. *Brashear* is non-binding. Moreover, its conclusion was based on the plaintiff's failure to allege anything more than the conclusory existence of an agreement. *See Brashear*, 2022 WL 17987041, at *3. That is not the case here. Plaintiffs have alleged specific facts supporting the existence and terms of the parties' agreement, including their agreed-upon salaries, job duties, and typical work schedules.

Since the Court finds that Plaintiffs have plausibly alleged an agreement and that their IWPCA claim is not an attempt to repackage their FLSA and IWML claims, it will allow this claim to proceed.

IV.     **CONCLUSION**

For the foregoing reasons, the Court:

- **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss (Doc. 23);

  o   The motion is **GRANTED** to the extent it seeks to dismiss Counts 1 and 2 as to Miller-Krausz's claims against Defendant, and those claims are **DISMISSED with prejudice;**

  o   The motion is **DENIED** in all other respects; and

8

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED**: August 10, 2026

**J. PHIL GILBERT**
**United States District Judge**